UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAREN HUANG,
    Plaintiff,

v.

THE DURACELL COMPANY,
    Defendant.

Case No. 17-cv-02731-PJH

**ORDER REGARDING APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND MOTION TO SEAL**

Re: Dkt. No. 33

Before the court are defendant The Duracell Company's ("Duracell") unopposed application for an order determining the parties' settlement was in good faith and motion to seal. Dkt. 33. Plaintiff Karen Huang stipulated that Duracell's application "may be approved by the Court forthwith[.]" Dkt. 33-3, Ex. 2. The matters are fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**BACKGROUND**

On January 24, 2017, plaintiff Karen Huang filed an action against Gemmy Industries Corporation, Duracell, and Doe defendants in San Francisco County Superior Court, asserting causes of action for negligence, manufacturing defect, design defect, failure to warn, and false representation. Dkt. 1, Ex. A. On May 11, 2017, Duracell removed the action to this court. Dkt. 1. On September 11, 2017, defendant Gemmy Industries Corporation was terminated from the action pursuant to Huang's voluntary dismissal. Dkt. 27. Duracell is now the only defendant in the action.

The case concerns Huang's use of Duracell "Quantum" batteries in an inflatable sumo wrestler outfit. It appears that she had installed one of the batteries backwards and positioned the outfit's power supply against her skin. As a result, she was left with a burn on her body for which she required medical treatment.

The parties prepared expert reports and disputed whether the battery had been installed backwards, whether the battery discharged electrolyte, whether the sumo outfit's battery pack correctly implemented a feature that would have prevented it from operating with a backwards battery, whether the battery was defective, and whether plaintiff misused the battery. The parties have since entered into a confidential settlement agreement to resolve this action.

**DISCUSSION**

**A.  Good Faith Settlement**

Pursuant to California Code of Civil Procedure §877.6, any defendant may file a motion for a determination that its settlement with a plaintiff is in "good faith." Federal courts in diversity cases have the power to apply "good faith" settlement provisions under California Code of Civil Procedure §§ 877 & 877.6. Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC, 632 F.3d 1056, 1060 (9th Cir. 2011).

California Code of Civil Procedure §877.6 provides in relevant part:

> (b) The issue of the good faith of a settlement may be determined by the court on the basis of affidavits served with the notice of hearing, and any counteraffidavits filed in response, or the court may, in its discretion, receive other evidence at the hearing.
>
> (c) A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

Cal. Civ. Proc. Code § 877.6.

Such a motion calls for the court to determine whether a settlement is made in good faith and is "within the reasonable range of the settling tortfeasor's proportional

2

1  share of comparative liability for the plaintiff's injuries." Tech-Bilt, Inc. v. Woodward-
2  Clyde & Assocs., 38 Cal. 3d 488, 499 (1985). The court considers the following to make
3  the determination: a rough approximation of the plaintiff's probable total recovery and the
4  settlor's proportionate liability; the amount paid in settlement; the allocation of the
5  settlement proceeds among plaintiffs; the recognition that a settlor should pay less in
6  settlement than he would if he were found liable after a trial; the financial condition and
7  insurance policy limits of the settling defendant; and the existence of collusion, fraud, or
8  tortuous conduct aimed to injure the interests of nonsettling defendants. Id. at 499.

When a good faith settlement determination is not opposed, it is "unnecessary to weigh the Tech-Bilt factors." PAG-Daly City, LLC v. Quality Auto Locators, Inc., Case No. 12-cv-3907-WHA, 2014 WL 807415, at *2 (N.D. Cal. Feb. 27, 2014); City of Grand Terrace v. Superior Court, 192 Cal. App. 3d 1251, 1261 (1987) ("only when the good faith nature of a settlement is disputed, it is incumbent upon the trial court to consider and weigh the Tech-Bilt factors. . . . [W]hen no one objects, the barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case is sufficient."); see also Wendell v. Johnson & Johnson, Case No. 09-cv-4124-CW, 2014 WL 12644224, at *2 (N.D. Cal. June 10, 2014); Hernandez v. Sutter Med. Ctr. of Santa Rosa, Case No. 06-cv-03350-SBA, 2009 WL 322937, at *3 (N.D. Cal. Feb. 9, 2009).

Because this motion is unopposed, the court need not weigh the Tech-Bilt factors. The court finds Duracell's motion setting forth the ground of good faith and the accompanying declaration setting forth the background of the case are sufficient.

**B.  Motion to Seal**

Duracell seeks to redact the consideration it provided as part of the settlement. There is a general presumption in favor of public access to federal court records. When a request to seal documents is made in connection with a motion, the court must determine whether the parties are required to overcome that presumption with "compelling reasons" or with "good cause." Which standard to apply "will turn on whether

3

the motion is more than tangentially related to the merits of a case." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016).

When a good faith determination motion is unopposed, the court need not consider and weigh the Tech-Bilt factors. Because a "barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case is sufficient" when unopposed, such a motion is only tangentially related to the merits of the case. City of Grand Terrace, 192 Cal. App. 3d at 1261. As such, parties need only show that good cause exists to seal materials filed therewith.

Duracell has demonstrated good cause to seal the amount of money it will pay plaintiff pursuant to the settlement agreement. There is good cause to seal that information because "[c]onfidential settlements benefit society and the parties involved by resolving disputes relatively quickly, with slight judicial intervention, and presumably result in greater satisfaction to the parties. Sound judicial policy fosters and protects this form of alternative dispute resolution." Kalinauskas v. Wong, 151 F.R.D. 363, 365 (D. Nev. 1993); Wendell, 2014 WL 12644224, at *2 (finding "good cause for sealing the terms of . . . settlement agreement"); Prosurance Grp., Inc. v. Liberty Mut. Grp., Inc., Case No. 10-cv-02600-LHK, 2011 WL 704456, at *1 (N.D. Cal. Feb. 18, 2011) ("to the extent that the documents discuss or disclose the terms of the Agreement, good cause exists to permit filing under seal"). Furthermore, Duracell claims that it has virtually no public record of settlements in cases involving reverse battery installation and that the confidentiality of its settlement consideration was a material part of the settlement of this case. Dkt. 33 at 4–5 ¶¶ 3–4.

Although there is good cause to seal the amount that Duracell will pay plaintiff under the settlement agreement, the court finds that there is not good cause to seal the fact that the settlement agreement requires Duracell to pay plaintiff at all. Therefore, Duracell may seal the amount but not the fact of payment.

Parties seeking to seal judicial records must comply with Civil Local Rule 79-5, which requires that sealing requests be "narrowly tailored to seek sealing only of sealable

4

material." Civ. L. R. 79-5(b). Given the court's order that Duracell may seal the amount but not the fact of payment, Duracell must withdraw the redacted materials it has filed and replace them with narrowly-redacted versions. Specifically, Duracell's application for an order determining good faith settlement may redact only the dollar amount shown at page 5, lines 12 and 17, and at page 8, line 16. Exhibit 1 to that application shall likewise redact only the settlement amount on page 1, which spans portions of two lines in the last paragraph on that page. No redactions shall be applied to page two of Exhibit 1.

## CONCLUSION

Duracell's application for determination of good faith settlement is GRANTED. Duracell's motion to seal is DENIED, and Duracell is ORDERED to withdraw the redacted materials it has filed and to file newly-redacted materials that comply with this order.

**IT IS SO ORDERED.**

Dated: September 5, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge